UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                        Case No. 12-20453

Antonio Casey,                      Honorable Sean F. Cox

    Defendant.

_____/

## ORDER DENYING
## PREMATURE § 2255 MOTION WITHOUT PREJUDICE

This matter is currently before the Court on Defendant / Petitioner Antonio Casey's Motion filed under 28 U.S.C. § 2255. (Docket Entry No. 23). For the reasons that follow, the motion shall be denied as premature and dismissed without prejudice to the timely re-filing of a motion under § 2255 after Defendant's pending appeal to the Sixth Circuit has concluded.[1]

Defendant Antonio Casey ("Defendant") was sentenced by this Court on December 21, 2012, to a total of 240 months of imprisonment. Defendant appealed his judgment of conviction to the United States Court of Appeals for the Sixth Circuit.

Defendant filed the instant motion under 28 U.S.C. § 2255 on February 14, 2013. (Docket Entry No. 23). However, he had already filed a Notice of Appeal and his appeal is still pending in the Sixth Circuit.

The Court concludes that Defendant's § 2255 Motion should be denied as premature and

---

[1]Defendant is expressly cautioned that 28 U.S.C. § 2255 contains a one-year period of limitation, and that it is his responsibility to fully familiarize himself with the events that trigger the activation of the one-year limitation period.

dismissed without prejudice. In *Capaldi*, the Sixth Circuit "adopt[ed] the rule espoused by multiple Circuits that in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi*, 135 F.3d at 1124. The Sixth Circuit adopted that rule because an "application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal" and because a "determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." *Id*.

Defendant's direct appeal is currently pending in the Sixth Circuit and Defendant's § 2255 Motion does not indicate that any extraordinary circumstances exist that would warrant deviating from the general rule set forth in *Capaldi*.

Accordingly, IT IS ORDERED that Defendant's § 2255 Motion is DENIED as premature and DISMISSED WITHOUT PREJUDICE to Defendant's right to re-file a § 2255 motion once his pending appeal has become final.[2]

Dated:  February 26, 2013          S/ Sean F. Cox
                                   Sean F. Cox
                                   U. S. District Court Judge

---

[2] Should Defendant choose to re-file a § 2255 motion after his pending appeal is finalized, that subsequent motion will not be considered a second or successive motion pursuant to 28 U.S.C. § 2255.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                 Case No. 12-20453

Antonio Casey,                    Honorable Sean F. Cox

    Defendant.

_____/

**PROOF OF SERVICE**

      I hereby certify that on February 26, 2013, the foregoing document was served upon counsel of record by electronic means and upon Antonio Devon Casey by First Class Mail at the address below:

Antonio Devon Casey
Milan Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Milan, MI 48160

Dated: February 26, 2013                     S/ J. McCoy
                                                                    Case Manager