UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

                                          Criminal Case No. 12-20453

v.                                        Civil Case No. 14-12060

Antonio Devon Casey,                  Sean F. Cox
                                              United States District Court Judge

    Defendant/Petitioner.
_____/

**OPINION & ORDER
DENYING MOTION TO VACATE SENTENCE UNDER § 2255**

After Defendant/Petitioner Antonio Devon Casey ("Petitioner") pleaded guilty to possession with intent to distribute cocaine base, and use and carrying of a firearm during and in relation to a drug trafficking crime, this Court sentenced him to 240 months' imprisonment. The matter is currently before the Court on Petitioner's motion under 28 U.S.C. § 2255 seeking to vacate his sentence. Having reviewed the materials submitted, together with the record of the underlying criminal case, the Court finds they conclusively show Petitioner is not entitled to relief on the claims asserted and, therefore, an evidentiary hearing is not needed in this matter. *See United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993). The Court also finds oral argument will not aid in the resolution of the motion. *See* 28 U.S.C. §2255; E.D. Mich. LR 7.1. For the reasons that follow, the Motion shall be DENIED.

## BACKGROUND

Petitioner was indicted on July 10, 2012, and was charged with the following counts: 1) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count One);

2) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Two); 3) three counts of use and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts Three, Four, and Five); 4) three counts of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g) (Counts Six, Seven, and Eight); and 5) two counts of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (Counts Nine and Ten).

Petitioner was represented by appointed counsel, Rafael Villarruel with the Federal Defender Office.

Pursuant to a written Rule 11 Agreement, Petitioner pleaded guilty to Counts One and Three of the Indictment. (*See* Docket Entry No. 12, Rule 11 Agreement). That Rule 11 Agreement, that Petitioner signed and agreed to, included the following factual basis for the guilty plea:

> On November 16, 2011, the defendant was present inside his home, located in Ypsilanti, Michigan, when police officers entered to execute a search warrant. On the floor right next to the defendant was a loaded .223 caliber Bushmaster semi-automatic rifle, model XM-15-E2S, serial number BFI661594. In a dresser in the defendant's bedroom was a loaded .223 caliber magazine for use in the Bushmaster rifle. Furthermore, hidden between the cushions of the couch where the defendant had been sitting was a loaded .40 caliber H & K semi-automatic pistol, serial number 22-047454. This H & K pistol had been previously stolen from a home located in the same Ypsilanti trailer park where the defendant lived. Last, hidden in a cereal box in the defendant's kitchen was a 9 mm caliber Glock semi-automatic pistol, model 19, serial number DL233US. The defendant handled, used, and carried each of these three firearms, which were manufactured outside of Michigan and had traveled in interstate commerce, during and in relation to his commission of a drug trafficking crime.
> In the defendant's kitchen cupboards was 198.83 grams of marijuana, a digital scale, and numerous boxes of plastic freezer and sandwich bags. The defendant possessed this marijuana and he intended to sell and distribute it. Furthermore, in the defendant's bedroom was 122.89 grams of cocaine base, commonly known as "crack cocaine." Likewise, the defendant possessed this cocaine base and he intended to sell and distribute it. The defendant used the

> digital scale to weigh drugs in order to divide them for sale and distribution according to weight. The plastic freezer and sandwich bags were used by the defendant to package drugs for sale and distribution after he weighed them. When he was arrested, the defendant had $1030.00 cash in his pants pocket, which he earned from selling drugs. Finally, the defendant's criminal history includes State of Michigan felony convictions for: 1) possession with intent to deliver marijuana in 2005; and 2) possession with intent to distribute cocaine in 2011.

(*Id*. at Pg ID 29-30). The Rule 11 Agreement included a provision that Petitioner waived any right to appeal his conviction. (*Id*. at Pg ID 34).

This Court accepted Petitioner's guilty plea on August 22, 2012, in open court, after establishing that Petitioner was knowingly and voluntarily pleading guilty to Counts One and Three. (*See* 8/22/12 Hrg. Tr., Docket Entry No. 29). Before accepting Petitioner's guilty plea, this Court read aloud the entire factual basis that was contained in the Rule 11 agreement and then asked Petitioner, under oath, if what the Court read to him was true and accurate:

| | |
|---|---|
| THE COURT: | Mr. Casey, did you hear what I just read to you? |
| DEFENDANT CASEY: | Yes, I did, Your Honor. |
| THE COURT: | Was everything that I just read to you true and accurate? |
| DEFENDANT CASEY: | Yes, it is. |

(*Id*. at Pg ID 175-77).

This Court sentenced Petitioner on December 14, 2012. This Court sentenced Petitioner to 180 months' imprisonment on Count One and 60 months' imprisonment on Count Three, to be served consecutively, for a total of 240 months' imprisonment. (Docket Entry No. 19). In doing so, this Court departed downward, by 22 months, from the bottom of the agreed-upon sentencing guideline range of 262-327 months. (*See* Rule 11 Agreement, Docket Entry No. 12 at Pg ID 31).

Despite having signed a Rule 11 Agreement under which he waived the right to appeal his conviction, Petitioner filed a direct appeal. The Government filed a motion to dismiss, which

the United States Court of Appeals for the Sixth Circuit granted in an Opinion issued on January 10, 2014. *United States v. Casey*, Case No. 13-1012 (6th Cir. Jan. 10, 2014).

On May 22, 2014, Petitioner filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate his Sentence (Docket Entry No. 33). On July 7, 2014, Petitioner filed a supporting brief. (Docket Entry No. 41).

The Government filed a timely response brief in opposition to Petitioner's Motion on July 31. 2014. (Docket Entry No. 44).

## STANDARD OF REVIEW

A federal prisoner may file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that the sentence imposed violates the United States Constitution. It is well established that when a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir.1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir.1959), *United States v. Johnson*, 940 F.Supp. 167, 171 (W.D.Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir.1994); *see also United States v. Cappas*,

29 F.3d 1187, 1193 (7th Cir.1994) (applying *Brecht* to a § 2255 motion). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.1996).

## ANALYSIS

Because Petitioner is proceeding *pro se*, this Court is required to construe the pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). Even a *pro se* litigant, however, must set forth facts that entitle him to relief. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (noting that a movant must set forth facts which entitle him to relief when making a motion to vacate or set aside a judgment under § 2255). Moreover, Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Court requires that a motion must, among other things, "state the facts supporting each ground" for relief. As judges in this district have recognized, "[n]either case law nor the Rules require the Court to guess the factual basis underpinning [a] Petitioner's claim or construct the legal arguments." *United States v. Graham*, 2010 WL 4825347 (E.D. Mich. 2010).

In his § 2255 Motion, Petitioner asserts two claims, both of which are ineffective assistance of counsel claims.

It is well established that there are two elements to a successful ineffective assistance of counsel claim: 1) the attorney's performance must have been deficient, and 2) the deficient performance must have actually prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

5

The first prong of *Strickland* requires the defendant to demonstrate that counsel was deficient and the "proper measure of attorney performance remains simply reasonableness under the prevailing professional norms." *Strickland*, 466 U.S. at 688. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

The second prong of *Strickland* requires that a defendant prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"Petitioners claiming ineffective assistance of counsel under *Strickland* have a heavy burden of proof" and that "burden applies regardless of whether a Petitioner is claiming ineffective assistance of trial counsel or ineffective assistance of appellate counsel." *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005).

With these principals in mind, the Court examines Petitioner's claims.

As Ground One, Petitioner claims he was provided with ineffective assistance of counsel, and states the following as the alleged factual basis for this ground:

> Mr. Casey asserts that the government has clearly failed to meet lawful requirements in bringing a prosecution to Title 18 U.S.C. § 924(c). The record is clear that Mr. Casey never "used" or "carried" a weapon "during" or "in relation" to a drug trafficking crime as defined by the U.S. Supreme Court. The facts of this case presents a clear and unambiguous demonstration that there was never any "Active Deployment" of the .223 caliber Bushmaster Semi-Automatic. The government appointed and paid attorney, Mr. Rafael Villarruel perfomred "deficiently" thereby rending manifest "prejudice." The record further evidence that absent the unconstitutional 60 months imposed consecutive, Mr. Casey proceeding would have resulted in a reduction of 60 months. Counsel injured Mr. Casey.

(Docket Entry No. 33 at Pg ID 222).

Again, a petitioner asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland,* 466 U.S. at 690. In this ground for relief, Petitioner does not identify any action or omission by his counsel that is alleged to have been deficient. Rather, he simply alleges that he "performed deficiently," without identifying any specific act or omission by his counsel that was deficient. As such, Petitioner is not entitled to relief based on Ground One.

As Ground Two, Petitioner again claims ineffective assistance of counsel, arguing that "Counsel Failed to Defend Against Misrepresentations By The Government" and stating the following alleged factual basis for this ground:

> Mr. Casey can prove that the government misrepresented the facts of this [sic] before the court. The fact that the weapon was lawfully purchased and the owner wrote a sworn statement indicating such, and the fact that prior to and subsequent to entering the residence, Mr. Casey did not possess said weapon. When law enforcement entered the residence, there was absolutely no evidence of subsequent testimony indicating that Mr. Casey had a weapon on his body. The government knew that it misrepresented that Mr. Casey committed a § 924(c) violation. BOTH GROUNDS ARE JURISDICTIONAL and CONSTITUTIONAL.

(Docket Entry No. 33 at Pg ID 223) (capital letters used in original).

As to this ground for relief, the only challenged action or inaction is that Mr. Villaruel "failed to defendant against misrepresentations by the Government." Petitioner asserts that one weapon was not stolen and therefore suggests that the Government misrepresented the truth in charging him with possession of a stolen weapon. But the two counts that charged Petitioner with possession of stolen firearms (Counts Nine and Ten) were dismissed pursuant to the Rule 11 Agreement. Moreover, Petitioner himself confirmed, under oath and on the record, that the

factual basis his guilty plea as to Counts one and three, contained in the Rule 11 Agreement, was true and accurate. Accordingly, Petitioner is not entitled to relief based on Ground Two.

## CONCLUSION AND ORDER

For the reasons set forth above, IT IS ORDERED that Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2352(c)(2). Based on the above discussion, Petitioner has not made a substantial showing of the denial of a constitutional right. Petitioner's claims do not establish that "reasonable jurists would find the district's court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 528 US. 473, 484 (2000). Accordingly, IT IS ORDERED that a certificate of appealability is DENIED.

IT IS SO ORDERED.


Dated: October 20, 2014            s/ Sean F. Cox
                                   Sean F. Cox
                                   U. S. District Judge


I hereby certify that on October 20, 2014, the foregoing document was served on counsel of record via electronic means and upon Antonio Casey via First Class mail at the address below:

Antonio Devon Casey #47377-039
33 1/2 Pembroke Road
Route 37
Danbury, CT 06811-3099

                                   s/ Jennifer McCoy
                                   Case Manager