## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                  Criminal Case No. 12-20453

Antonio Devon Casey,             Sean F. Cox
                                     United States District Court Judge

      Defendant.

_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In this criminal action, Defendant Antonio Devon Casey ("Defendant") pleaded guilty to possession with intent to distribute cocaine base, and use and carrying of a firearm during and in relation to a drug trafficking crime and was sentenced to 240 months of imprisonment. The matter is before the Court on Defendant's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19").   This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it.  The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs.  As explained below, the Court shall DENY the motion.

## BACKGROUND

In this criminal case, Defendant pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and use and carrying of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

This Court sentenced Defendant to a total term of 240 months of imprisonment.  Before doing so, this Court discussed the § 3553 factors on the record:

Now, in imposing the sentence that I'm going to impose upon you in a moment, I have considered the factors under 18 U.S.C. Section 3553(a).

I've considered the nature and circumstances of the offense.  There was an investigation by the Western Wayne Narcotics Task Force of suspected armed drug trafficking occurring at lot 133, at 6988 McKean Road in Ypsilanti.

The task force obtained a search warrant and executed a search warrant at your home.  As they were executing a search warrant, they found next to you a loaded .22 (sic) caliber16  Bushmaster semiautomatic rifle.  In a dresser in your bedroom was a loaded .22 -- sorry, was a loaded .223 caliber magazine for the Bushmaster rifle.

Hidden between the cushions of the couch where you  were sitting was a loaded .40 caliber H&K semiautomatic pistol.  And hidden in your kitchen was a 9 millimeter Glock   semiautomatic pistol.

During the search in your kitchen, they found --  members of the task force found 198.83 grams of marijuana, a digital scale, numerous boxes of plastic freezer and sandwich  bags, which obviously were for packaging and selling the marijuana and the crack cocaine.

In your bedroom, the officers found 122.89 grams of  crack cocaine, and of course digital scales which are used to divide up and weigh the crack and the marijuana for sale.

And you also had $1,030 in cash in your pockets, which you had obtained from selling the drugs.

Significantly, your prior criminal history included a conviction for possession with intent to deliver marijuana in  2005, as well as possession with intent to distribute cocaine in 2011.  And what is particularly troubling, at the time you were arrested for this offense, you were on probation for dealing crack cocaine.

So it is a very, very serious offense.  You have guns and drugs, and selling guns (sic) and packaging drugs, and of course you at the time being on probation for selling crack cocaine.  So it is a serious crime.

I've considered your characteristics and your history.  You are 36.  You have six half-siblings.  You've never been married.  You have four kids by three different women and I really don't see how you support your children, if you do support your children legitimately.

You don't have any apparent mental or emotional health issues.  You do have a substance abuse issue with marijuana, which I will address later on in the sentence.

You dropped out of high school in the 12th grade and your trade is that of a self-taught barber.  Your employment history is very sketchy.

2

So I've considered your history and your characteristics. I've considered the need for the sentence imposed to reflect the seriousness of the offense, and again, this was a serious offense, to promote respect for the law and to provide just punishment for what you did, to afford adequate deterrence to criminal conduct.

And let me, before I proceed, review your criminal history. In 1997, attempting -- and resisting a police officer; 1997, carrying a concealed weapon; 1998, possession - I'm just highlighting your criminal record - possession of marijuana. In 2004 you were convicted of selling marijuana and got a break and were put on probation.

And of course in 2011 you were convicted of selling cocaine. And of course, again, you were on probation for that conviction at the time you picked up this case.

So that tells me that you are an individual who will probably commit more crimes, deal more drugs when you get out of prison, which is your track record.

(ECF No. 31, Sentencing Transcript, at 10-12).

Defendant began serving his sentence on March 12, 2013, and is currently housed at FCI Milan.

On September 17, 2020, Defendant filed his *pro se* Motion for Compassionate Release. (ECF No. 48). Defendant is now forty-five years old and has a projected release date of July 10, 2029. Defendant filed his Motion for Compassionate Release asserting that he is heightened risk of more serious illness, if he were to contract COVID-19, because he has asthma and hypertension.

The Government concedes that Defendant exhausted his administrative remedies but argues the motion should be denied on the merits. It concedes that Defendant suffers medical conditions that are established to place him at increased risk of severe illness from the virus, if he were to contract it. Nevertheless, the Government contends the motion should be denied based upon a consideration of the § 3553(a) factors.

3

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

"The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, __ F.3d. __, 2021 WL 50169 at *1 (Jan. 6, 2021).

"An imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request – whichever is earlier." *Jones, supra,* at 1106. Here, Defendant has exhausted his administrative remedies and, therefore, this Court may consider his motion.

The United States Court of Appeals for the Sixth Circuit has held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. §3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C.§3582(c)(1)(A).

*Elias, supra,* at * 1.

At step one, a court must find whether "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1(A)(I).

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Jones, supra,* at 1108. (quoting 3582(c)(1)(A)) (emphasis added). But the Sixth Circuit has held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias, supra,* at *2. "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* That means that, "[u]ntil the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones, supra,* at 1109. Because Defendant's compassionate release motion was filed by an incarcerated person, this Court "may skip step two of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Jones, supra.*

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at 1109.

The Sixth Circuit has explained that, "in *granting* a compassionate-release motion, district courts must address all three steps." *Elias, supra*, at *2 (emphasis added). But it has also clarified that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."

5

*Id.* (emphasis added).

Here, Defendant contends that his request for compassionate release should be granted because his medical conditions in light of the ongoing pandemic, constitute extraordinary and compelling circumstances.  The Government concedes that Defendant suffers medical conditions that are established to place him at increased risk of severe illness from the virus, if he were to contract it.

Nevertheless, this Court concludes that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case.  *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offenses *weigh strongly* against his release.   pleaded guilty to possession with intent to distribute cocaine base, and use and carrying of a firearm during and in relation to a drug trafficking crime .  These are very serious and troubling offenses.

And the convictions in this case were not an isolated event.  Defendant has a significant criminal history with repeated drug and firearm offenses.  Indeed, Defendant was sentenced as a career offender.  As this Court expressed at Defendant's sentencing, this Court believes that Defendant is likely to continue his pattern of selling drugs, while using firearms, when he is released from prison.

This Court does not believe that releasing Defendant approximately eight years early would promote respect for the law, provide just punishment, afford adequate deterrence, or

protect the public from further crimes of Defendant.  That is especially so given that this Court already gave Defendant a rather significant break at sentencing.  Defendant's guidelines were 262 to 327 months and this Court sentenced Defendant to only 240 months.

In sum, this Court finds that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  February 24, 2021

7