UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                            Criminal Case No. 12-20453

Antonio Devon Casey,              Sean F. Cox
                                                     United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Antonio Devon Casey ("Defendant") pleaded guilty to possession with intent to distribute cocaine base, and use and carrying of a firearm during and in relation to a drug trafficking crime, and was sentenced to 240 months of imprisonment. The matter is before the Court on Defendant's second *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY this second motion.

**BACKGROUND**

In this criminal case, Defendant pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and use and carrying of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

This Court sentenced Defendant to a total term of 240 months of imprisonment. Before doing so, this Court discussed the § 3553 factors on the record:

Now, in imposing the sentence that I'm going to impose upon you in a moment, I have considered the factors under 18 U.S.C. Section 3553(a).

I've considered the nature and circumstances of the offense. There was an investigation by the Western Wayne Narcotics Task Force of suspected armed drug trafficking occurring at lot 133, at 6988 McKean Road in Ypsilanti.

The task force obtained a search warrant and executed a search warrant at your home. As they were executing a search warrant, they found next to you a loaded .22 (sic) caliber16 Bushmaster semiautomatic rifle. In a dresser in your bedroom was a loaded .22 -- sorry, was a loaded .223 caliber magazine for the Bushmaster rifle.

Hidden between the cushions of the couch where you were sitting was a loaded .40 caliber H&K semiautomatic pistol. And hidden in your kitchen was a 9 millimeter Glock semiautomatic pistol.

During the search in your kitchen, they found – members of the task force found 198.83 grams of marijuana, a digital scale, numerous boxes of plastic freezer and sandwich bags, which obviously were for packaging and selling the marijuana and the crack cocaine.

In your bedroom, the officers found 122.89 grams of crack cocaine, and of course digital scales which are used to divide up and weigh the crack and the marijuana for sale.

And you also had $1,030 in cash in your pockets, which you had obtained from selling the drugs.

Significantly, your prior criminal history included a conviction for possession with intent to deliver marijuana in 2005, as well as possession with intent to distribute cocaine in 2011. And what is particularly troubling, at the time you were arrested for this offense, you were on probation for dealing crack cocaine.

So it is a very, very serious offense. You have guns and drugs, and selling guns (sic) and packaging drugs, and of course you at the time being on probation for selling crack cocaine. So it is a serious crime.

I've considered your characteristics and your history. You are 36. You have six half-siblings. You've never been married. You have four kids by three different women and I really don't see how you support your children, if you do support your children legitimately.

You don't have any apparent mental or emotional health issues. You do have a substance abuse issue with marijuana, which I will address later on in the sentence.

You dropped out of high school in the 12th grade and your trade is that of a self-taught barber. Your employment history is very sketchy.

So I've considered your history and your characteristics. I've considered the need for the sentence imposed to reflect the seriousness of the offense, and again, this was a serious offense, to promote respect for the law and to provide just punishment for what you did, to afford adequate deterrence to criminal

>    conduct.
>          And let me, before I proceed, review your criminal history. In 1997, attempting -- and resisting a police officer; 1997, carrying a concealed weapon; 1998, possession - I'm just highlighting your criminal record - possession of marijuana. In 2004 you were convicted of selling marijuana and got a break and were put on probation.
>          And of course in 2011 you were convicted of selling cocaine. And of course, again, you were on probation for that conviction at the time you picked up this case.
>          So that tells me that you are an individual who will probably commit more crimes, deal more drugs when you get out of prison, which is your track record.

(ECF No. 31, Sentencing Transcript, at 10-12).

Defendant began serving his sentence on March 12, 2013.

On September 17, 2020, Defendant filed a *pro se* Motion for Compassionate Release. (ECF No. 48). In it, Defendant asserted that he is heightened risk of more serious illness, if he were to contract COVID-19, because he has asthma and hypertension.

In response, the Government conceded that Defendant exhausted his administrative remedies but argued the motion should be denied on the merits.

In an Opinion and Order issued on February 24, 2021, this Court denied Defendant's motion. (ECF No. 65).

Approximately a year later, on February 14, 2021, Defendant filed another motion seeking compassionate release, again based upon concerns about COVID-19. (ECF No. 68). Defendant's motion acknowledges that Defendant is now vaccinated. (*Id*. at 3).

The Government opposes this additional motion on the merits and has filed Defendant's Bureau of Prisons medical records under seal. (ECF No. 72).

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020). As summarized by the Sixth Circuit:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id*. at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie,* 24 F.4th 583, 2022 WL 221539 at *2 (6th Cir. 2022).

Here, Defendant continues to argue that his request for compassionate release should be granted because the ongoing pandemic, combined with his medical conditions (obesity and hypertension), constitutes extraordinary and compelling circumstances.

This Court continues to agree with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597

(3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Moreover, Defendant has now been fully vaccinated. (*See* ECF No. 72 at PageID.514-517). This Court concludes that Defendant's incarceration during the pandemic – when he has been fully vaccinated – does not present an "extraordinary and compelling" reason warranting a sentence reduction in this case. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021).

Accordingly, this Court concludes that Defendant has not established "extraordinary and compelling" reasons for a sentence reduction.

This Court also continues to believe that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offenses *weigh strongly* against his release. Defendant pleaded guilty to possession with intent to distribute cocaine base, and use and carrying of a firearm during and in relation to a drug trafficking crime. These are very serious and troubling offenses.

And the convictions in this case were not an isolated event. Defendant has a significant criminal history with repeated drug and firearms offenses. Indeed, Defendant was sentenced as a career offender. As this Court expressed at Defendant's sentencing, this Court believes that Defendant is likely to continue his pattern of selling drugs, while using firearms, when he is

released from prison.

This Court does not believe that releasing Defendant early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. That is especially so given that this Court already gave Defendant a rather significant break at sentencing. Defendant's guidelines were 262 to 327 months and this Court sentenced Defendant to only 240 months.

In sum, this Court continues to conclude that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's second Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

                                          s/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated: May 11, 2022